```
               IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| IN RE: Thomas J. Higgins | : | **CHAPTER 13** |
| xxx-xx-7610 | : | |
| 4027 North Warner Road | : | |
| Lafayette Hill, Pa 19444 | : | **CASE NO.09-13885JKF** |
| Debtor | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN**

**NOTICE:THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE UNITED STATES BANKRUPTCY CODE**

**YOUR RIGHTS MAY BE AFFECTED**

**You should have received from the court a separate Notice Of Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor(s). This document is the actual Plan proposed by the Debtor(s) to adjust debts. If this case is a joint case, all references in the Plan refer to both Debtors unless otherwise stated.**

**You should read these papers carefully and discuss them with your attorney.**

**Anyone who wishes to oppose any provision of this Plan must file a written objection within the time-frame stated the separate Notice of Hearing on Confirmation of Plan.**

**1. PAYMENT AND LENGTH OF PLAN**

a. The Debtor shall submit to the supervision and control of the Trustee the following sums:

| $ 1,045.69 | Per month for a period of | 60 | Months: |
|---|---|---|---|
| $62,741.40 | TOTAL | | |

b.   The Debtor shall make the plan payments to the Trustee from the following sources:

| x | Future Earnings |
|---|---|
|   | Other sources of funding (describe source, amount, and date when funds are expected to be available), if any: |
|   | Sale or refinance of the following assets (describe): |

c. Expected Total of Payments to the Trustee (if calculable at outset of Plan):

$62,741.40

The following obligations will be paid within the Plan

## 2. CLASS ONE CLAIMS - ADMINISTRATIVE EXPENSES

### Summary of Class 1

| Admin. Expense Claimant | Type of Priority | Amount to be Paid |
|---|---|---|
| Chapter 13 Trustee | Administrative Expense | Statutory Commission |
| Counsel for Debtor | Counsel Fees | $2,000.00 |

a. Class 1 Claims shall consist of all administrative expenses allowed by the court, see 11 U.S.C. §§1326(b)(1), and the Trustee''s statutory commission, see 11 U.S.C. §§1326(b)(2).

b. The Trustee shall make distributions to the holders of Class 1 administrative expenses until such allowed administrative expenses have been paid the full amount allowed by the court, pro rata.

c. It is anticipated that the holders of allowed Class 1 claims will be those persons or entities identified in the Summary of Class 1 set forth above.

### 3. CLASS 2 - ALLOWED SECURED CLAIMS - CURE OF PREPETITION DEFAULT AND MAINTENANCE OF MONTHLY PAYMENTS

#### Summary of Class 2

| Class 2 Creditor | Property Securing Debt | Estimated Arrears |
|---|---|---|
| National City Mortgage | Residence | $24,153.57 |
| Ford Motor Credit | Vehicle | $ 1,721.04 |
| HSBC Mortgage Company | Residence | $ 3,026.19 |
|  | TOTAL | $28,900.80 |

a.  Class 2 Claims shall consist of all claims filed and allowed for prepetition arrears on allowed secured claims and which are provided for by the Debtor pursuant to 11 U.S.C. §1322(b)(5).

b. Commencing with the first installment falling due after the commencement of the bankruptcy case, all future regular monthly installment payments falling due on Class 2 claims will be paid by the Debtor directly to the holders of such claims and will not be paid by the Trustee.

c. Confirmation of the Plan shall constitute a judicial finding, decree and order that the amount of the prepetition default on each Class 2 claim does not exceed the amount reflected on the claims docket or as determined by the Court to be the prepetition arrears for each Class 2 Claim provided for in this Plan. In the event of the a conflict, the Court Order shall be determinative.

d. The Trustee shall make distributions to the holders of Class 2 claims in the full amount of the claim allowed for prepetition arrears as reflected on the claims docket or determined by the court. In the event of the a conflict, the Court Order shall be determinative.

e. Upon completion of the payment of the prepetition arrears through the distribution made by the Trustee to the holders of Class 2 Claims pursuant to this Plan, the prepetition default on the secured claim giving rise to each Class 2 Claim will be cured by such payments made to the Trustee under the Plan and the holders of Class 2 Claims shall reinstate the Debtor''s account to the original payment schedule for the underlying secured claim as if no default had ever occurred, except for the amount of any monthly installments falling due after commencement of this case which has not been paid.

f. Confirmation of this Plan shall impose an affirmative and direct duty upon each holder of a Class 2 Claim to comply with Paragraph 3e of this Plan by, inter alia, instituting an appropriate enforcement proceeding in the Bankruptcy Court either

before or after the entry of the discharge order and either before or after the closing of this case.

g. It is anticipated that the holders of allowed Class 2 Claims shall be those persons or entities identified in the Summary of Class 2 set forth above.

### 4. ADEQUATE PROTECTION PAYMENTS

Adequate Protection Payments under Section 1326. Adequate protection payments in the following amounts will be paid by the Debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

☒ If this box is checked, adequate protection payments are not required under the terms of 11 U.S.C. §1326(a)(1)(C).

| Name of Creditor | Address | Account No. | Balance to be Paid Under Plan | Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### 4. CLASS 3A, 3B and 3C – OTHER ALLOWED SECURED CLAIMS

#### Summary of Class 3A

| Class 3A Creditor | Property Securing Debt | Est. Amt. to be Paid | Adequate Protection? |
|---|---|---|---|
| Pa Dept. Of Revenue | Statutory Lien On Residence | $1,660.20 | N/A |
|  | TOTAL | $1,660.0 |  |

a. The holders of Class 3A, 3B and 3C Claims, as set forth below in their respective subdivisions, shall retain the liens securing their claims during the pendency of this Plan.

b. **Class 3A Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtor and which are provided for as set forth below in Paragraph 4.c. through 4.e. (below).

c. Class 3A claims shall be paid the full amount of the secured claim as reflected on the claims docket or determined by the Court. In the event of the a conflict, the Court Order shall be

determinative.

d. The holders of Class 3A claims shall retain the liens securing their claims during the pendency of this Plan. However, to the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. §§506(a), that portion of the claim which is unsecured shall be provided for as a Class 6 unsecured claim under this Plan and a creditor holding such a claim shall retain its liens only to the extent of its allowed secured claim. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors'' liens shall be reduced.

e. Pursuant to this Plan and 11 U.S.C. §§1327, after the allowed secured claim held by any Class 3A creditor has been paid in full, the property securing such claim shall vest in the Debtor free and clear of any claim, interest or lien of such creditor and the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records. The Debtor may enforce this paragraph of this Plan by, inter alia, instituting an appropriate enforcement proceeding in the Bankruptcy Court either before or after the entry of the discharge Order and either before of after the closing of this case.

f. It is anticipated that the holders of Class 3A claims shall be those persons identified in the Summary of Class 3A set forth above.

**Summary of Class 3B**

| Class 3B Creditor | Secured Property to be Surrendered |
|---|---|
| N/A | N/A |

g. **Class 3B Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtor and which are provided for as set forth below in Paragraph 4.h through 4.k.

h. The Debtor will surrender the property securing the Class 3B Claims pursuant to 11 U.S.C. §§1325(a)(5) (C).

i. The Debtor will efect the surrender of real property securing Class 3B Claims by either (a) executing a deed in lieu of foreclosure in favor of a holder of the Class 3B Claim within fifteen (15) business days of a written request made by the holder, or (b) not contesting a state court foreclosure, ejectment and/or other proceeding under applicable nonbankruptcy law by which the holder may obtain title and/or possession of the property.

j. The Debtor will effect the surrender of personal property securing Class 3B Claims by permitting a repossession of the personal property by the holder of the Class 3B Claim.

k. The confirmation Order shall constitute an Order granting the holders of Class 3B Claims relief from the automatic stay for the purpose of proceeding with its remedies under applicable nonbankruptcy law in order to obtain title and/or possession of the property to be surrendered pursuant to this Plan.

l. It is anticipated that the holders of allowed Class 3B Claims shall be those persons or entitled identified in the Summary of Class 3B set forth above.

### Summary of Class 3C

| Class 3C Creditor | Property securing debt |
|---|---|
| N/A | N/A |

m. **Class 3C Claims** shall consist of all claims filed and allowed which are secured by a lien which is not avoided by the Debtor and which are treated by this Plan in the manner set forth in Paragraphs 4(n)and 4(o)(below).

n. No payment shall be made by the Trustee on account of Class 3C claims. It is the intention of the Debtor that this Plan "does not provide for" the Class 3C claims within the meaning of 11 U.S.C. §1325(a). Also see In Re Waldman, 75 B.R. 1005 (Bankr. E.D. PA. 1987).

o. As a claim not provided for under the Plan, it is the intention of the debtor to pay this claim or claims directly to the creditor or creditors listed, pe original contract terms.

p. It is anticipated that the holders of allowed Class 3C claims will be those persons or entities identified in the Summary of Class 3C set forth above.

### 5. CLASS 4 – ALLOWED PRIORITY CLAIMS

### Class 4 Summary

| Class 4 Creditor | Basis for Priority Status | Amount to be Paid |
|---|---|---|
| Internal Revenue | Income tax | $    400.00 |
| Pa Revenue Department | State income tax | $  4,618.17 |
| City Of Philadelphia, | City taxes | $10,100.00 |
|  | TOTAL | $15,118.17 |

a. **Class 4 Claims** shall consist of all claims filed and allowed which are entitled to priority under 11 U.S.C. §§507, other than Class 1 Claims.

b. The Trustee will make distributions to the holders of Class 4 claims until the holders of allowed Class 4 claims have been paid the full amount of their respective priority claims.

c. Unless otherwise provided in this Plan, the Trustee shall make distributions to the holders of Class 4 claims in order of statutory priority. Unless otherwise provided in this Plan, the Trustee shall make distributions to holders of Class 4 claims of equal statutory priority on a pro rata basis.

d. It is anticipated that the holders of allowed Class 4 claims will be those persons or entities identified in the Summary of Class 4 set forth above.

## 6. CLASS 5 - ALLOWED UNSECURED CLAIMS - SEPARATELY CLASSIFIED

### Summary of Class 5

| Class 5 Creditor | Basis for Separate Treatment | Amount to be Paid |
|---|---|---|
| N/A | N/A | $0 |
|  | TOTAL | 0.00 |

a. Class 5 Claims shall consist of all other filed and allowed unsecured claims, unless otherwise classified, which shall receive separate classification and treatment from other unsecured claims.

b.  Class 5 Claims shall be treated as follows: Not Applicable

c. It is anticipated that the holders of allowed Class 5 claims will be those persons or entities identified in the Summary of Class 5 set forth above.

## 7. CLASS 6 - UNSECURED CLAIMS - NOT SEPARATELY CLASSIFIED

a. Class 6 Claims shall consist of all other allowed unsecured claims, not otherwise classified.

b. After the Class 1, Class 2, Class 3, Class 4, and Class 5 claims have been paid in accordance with the provisions of this Plan set forth above, the remaining funds paid to the Trustee

pursuant to paragraph 1 of this Plan shall be distributed, pro rata, to the holders of Class 6 claims.

## 8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

a. The following executory contracts and unexpired leases are assumed: None

b. The following executory contracts and unexpired leases are rejected: None

## 9. MISCELLANEOUS PLAN PROVISIONS

a. If the Plan provides for payments to continue for more than 36 months, confirmation of this Plan shall constitute a finding in accordance with 11 U.S.C. §§1322 that there is cause for extending the Plan beyond three years. Confirmation shall also constitute approval of such an extension. Such extension is essential to the success of the Plan or required under current law.

b. The Debtor shall have sole right to use and possession of all property of the estate, including the right to use, sell, or lease such property in the ordinary course of Debtor''s affairs, during the pendency of this case. In addition, unless modified by express Order of the Bankruptcy Court, the stay provided by 11 U.S.C. §§362(a) shall remain in effect until entry of the discharge Order.

c. The Trustee shall pay the allowed claims provided for by this Plan in the following Order:

```
    (1) Class 1  - Administrative Expenses
    (2) Class 2  - Cure of Prepetition Default
    (3) Class 3A - Allowed Secured Claims Paid in Full
                   and/or Modified
    (4) Class 4  - Allowed Priority Claims other than Class 1
                   Claims
    (5) Class 5  - Allowed Unsecured Claims, Separately
                   Classified
    (6) Class 6  - Unsecured Claims, Not Separately Classified
```

d. Notwithstanding any provision of this Plan, a holder of an allowed claim may agree to a different treatment than that provided in this Plan and such agreement shall be binding on the holder.

## 10. OTHER PLAN PROVISIONS

a. Within 30 days after all payments pursuant to the Plan are made, Mortgage Company shall mark the mortgage foreclosure action against the Debtor in the Montgomery County Court of Common Pleas captioned NATIONAL CITY MORTGAGE COMPANY V. HIGGINS, No. 08-04352, as Settled, Discontinued and Ended. Each party shall bear its own costs. This Court shall retain jurisdiction to enforce this provision.

b. The Debtor shall make regular post-petition payments directly to National City Mortgage Company and HSBC.

c. Post-Petition defaults. Within 30 days of issuing the final payment of any cure amount specified in section 3, the Debtor shall serve upon the Mortgagee and any attorney for the Mortgagee a notice stating:
(1) that the cure amount has been paid, satisfying all pre-petition mortgage obligations of the Debtor;
(2) that the Mortgagee is required to treat the mortgage as reinstated and fully current unless the Debtor has failed to make timely payments of any post-petition obligations;
(3) that if the Debtor has failed to make timely payments of any post-petition obligations, the Mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the Court, giving notice to the Standing Trustee, the Debtor, and any attorney for the Debtor, within sixty (60) days of service of the notice from the Debtor;
(4) that if the Mortgagee fails to file and serve a statement of outstanding obligations within the required time, the Mortgagee is required to treat the mortgage as reinstated according to its original terms, and fully current as of the date of the Debtors notice; and
(5) that if the Mortgagee does serve a statement of outstanding obligations within the required time, the Debtor may, (i), within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the Mortgagee and the Standing Trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified Plan to provide for payment of additional amounts that the Debtor acknowledges or the Court determines to be due. To the extent that amounts set forth on a timely-filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor through a modified Plan, the right of the Mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Debtor to serve the notice required by this subparagraph.

d. Payment Notices: Creditors and lessors provided for above may continue to mail customary notices and/or coupons to the Debtor and/or the Trustee notwithstanding the automatic stay.

e. Confirmation of this plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. §§ 727(a)(9).

f. Title to Debtor's property shall revest in the Debtor upon confirmation of the plan or the closing of the case, whichever event occurs first.

g. The automatic stay order is in effect as of the date of confirmation. Any sheriffs'' sale or foreclosure sale shall be cancelled and not continued to any later date.

h.  By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

i. The amount of your claim shall be fixed by the sum set forth in this Plan. In the absence of an objection and if the Plan is confirmed this amount shall constitute a finding as to the arrears owed.

j.  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply direct mortgage payments, if any, paid by the trustee or by the Debtor to the month in which they were made under the plan or directly by the Debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the Debtor and the attorney for the Debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the Debtor and attorney for the Debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

Dated: 10/8/2009                    Debtor: /s/Thomas J. Higgins
                                            Thomas J. Higgins


Acceptances may be mailed to Michael W. Gallagher, Esquire, 628 Germantown Pike, Lafayette Hill,PA 19444