THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
|     Thomas J. Higgins | : |
|     xxx-xx-7610 | : NO. 09-13885JKF |
|     4027 North Warner Road | : HEARING DATE: 11/19/2009 |
|     Lafayette Hill, Pa 19444 | : TIME: 9:30 A.M. |
| | : LOCATION: COURTROOM NO. 5 |
|     Debtor | : ROBERT N.C. NIX FEDERAL CTHSE. |
| | : 900 MARKET ST., 2ND FLOOR |
| | : PHILADELPHIA, PA 19107 |

**MOTION FOR CONTEMPT CITATION FOR VIOLATION OF THE
AUTOMATIC STAY AND FOR OTHER RELIEF**

And now comes the Debtor, Thomas J. Higgins, by and through his counsel, Michael W. Gallagher, Esquire, and does pray this Honorable Court hold Respondents Chase Manhattan Bank and Creditor Interchange in contempt of Court; and in pursuit thereof Debtor assigns the following reasons therefore:

1. The Movant is Thomas J. Higgins, the Debtor in the instant case, and natural person residing at 4027 North Warner Road, Lafayette Hill, Montgomery County, Pennsylvania 19444.

2. The Respondents are:

    Chase Bank USA, N.A., d/b/a Chase Card Services, a Delaware corporation having an office for the conduct of business, according to the records of the Office of the Comptroller of the Currency, at 200 White Clay Center Drive, Newark, DE 19771: and

    Creditors Interchange, a company having its office for the conduct of business at 80 Holtz Drive, Buffalo, New York 14225.

    3. Chase Bank USA N.A. is a creditor of the Debtor, as listed on Schedule "F" of Debtor's schedules.

4. Respondent Creditors Interchange appears to be a debt collection firm, representing Respondent Chase Bank N.A.

5. On May 26, 2009, the Debtor, through counsel, did file the instant Chapter 13 case.

6. On May 28, 2009, 2007, counsel for Debtor did communicate in writing to Respondent Chase Bank USA N.A., through its subsidiary or division, Chase Card Services, informing Respondent Chase of the filing of the instant Chapter 13 case and the existence and applicability of the automatic stay. A copy of the letter, redacted to remove the full account numbers listed in the original letter, is attached hereto, incorporated herein, and marked as Exhibit "A".

7. On July 11, 2009, the clerk of your Honorable Court, by or through the appropriate division or organization, did make service of a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, to all listed creditors, including the respondent Chase Bank USA N.A. through its subsidiary or division, Chase Card Services.  A certificate of service for said notice was filed by the clerk of court or its appropriate designee on July 11, 2009, and a copy of said service is attached hereto, incorporated herein by reference and marked as Exhibit "B".

8. On or about August 27, 2009, the respondent Chase Bank USA N.A., through its agent eCast, did file a proof of claim for one of the two accounts with the Court.

9. By filing said claim, Respondent Chase Bank USA N.A. has demonstrated that it received notice of the bankruptcy filing.

10. Despite all of the above notices, on or about October 6, 2009, the Respondent Chase Bank USA N.A., by and through its agent or designee, the respondent Creditors Interchange, did send to Debtor a notice demanding payment of a debt listed in the bankruptcy, and the subject of both the notice sent by the Court and the letter sent by counsel for Debtor. A copy of said letter is attached hereto, incorporated herein by reference, and marked as Exhibit "C".

11. Although Respondent Chase Bank USA N.A. was informed of the involvement of counsel for Debtor, no copy of this letter was sent to counsel, but rather was sent only upon Debtor himself.

12. 11 U.S.C. §362(a) states, in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

12. It is settled law that the phrase "any act", as used in §362(a), includes dunning letters and other communications from creditors or their agents intended to cause

a party to pay or transfer funds to said creditor or its agent.

13. The Respondents are in willful violation of the terms of the Order of your Honorable Court granting the automatic stay, as annunciated in 11 U.S.C. §§362(a).

14. Respondent Creditors Interchange is a "debt collector" as defined under the Fair Debt Collection Practices Act, 11 U.S.C. §1601, et seq. (Hereinafter referred to as "FDCPA").

15. In continuing their collection activities against the Debtors, the Respondents have caused communications regarding said attempt to collect a debt to be sent to the Debtors directly, rather than to counsel for the Debtors.

16. 15 U.S.C. §1692( c) states, in relevant part:

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

21. The Respondent Creditors Interchange is in deliberate violation of the terms of the FDCPA, for the reasons described above.

WHEREFORE, Movants pray your Honorable Court enter an Order:

1). Finding the Respondents Chase Bank USA N.A. and Creditors Interchange in contempt of court for willful violation of the Automatic stay;

2). Granting sanctions against the Respondents Chase Bank USA N.A. and Creditors Interchange in the form of reasonable

attorneys fees payable to counsel for Debtor; and

    3). Granting such other relief as the Court may determine to be appropriate and just.

                                    Respectfully submitted,

                                    /s/Michael W. Gallagher  
                                    Michael W. Gallagher, Esquire  
                                    628 Germantown Pike  
                                    Lafayette Hill, PA 19444  
                                    (610)940-4730  
                                    (610)940-6025 Fax  
                                    Attorney for Debtor